USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIMONE DICKSON,

                         Plaintiff,

-against-

DEPARTMENT OF HOMELAND SECURITY OFFICER BARNES,

                         Defendant.

1:22-CV-4033 (GHW)

ORDER OF SERVICE

---

GREGORY H. WOODS, United States District Judge:

Plaintiff Simone Dickson, of Albany, New York, who is appearing *pro se*, sues "Department of Homeland Security Officer Barnes," seeking relief arising from an alleged altercation that took place on August 25, 2021, at the Daniel Patrick Moynihan United States Courthouse ("DPM Courthouse").[1] The Court understands that Barnes is a police officer employed by the United States Department of Homeland Security's ("DHS") Federal Protective Service ("FPS").[2]

In addition to seeking Barnes's criminal prosecution, Plaintiff seeks his "401k, pension, . . . paycheck, veterans['] benefits, and all the money in his bank account." (ECF 1-1, at 5.) Plaintiff also seeks "damages, doctor bills [sic], [and] anything [else she] need[s]." (ECF 1-4, at

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. That court transferred this action here under 28 U.S.C. § 1404(a). *Dickson v. Barnes*, No. 1:22-CV-0423 (N.D.N.Y. May 11, 2022).

[2] Plaintiff has attached to her complaint a photograph of uniformed police officers, one of whom she asserts is Barnes. (ECF 1-5, at 1.) Barnes's uniform appears to be the type worn by an FPS officer. Plaintiff lists Barnes's address as a DHS address in Washington, D.C. (ECF 1, at 2; ECF 1-1, at 1; ECF 1-2, at 2; ECF 1-4, at 2.) Because Plaintiff alleges that the events giving rise to her claims occurred at the DPM Courthouse, in New York, New York, however, it is likely that, at the time of the alleged events, Barnes was assigned to an FPS office at 26 Federal Plaza, in New York, New York.

4.) She further seeks an order under 18 U.S.C. § 1514 prohibiting Barnes from harassing her, "or [an order directing her placement into] witness protection on Shinn[e]cock Reservation with federal police there that [she] can pick," as well as "money for [her] kids to get counseling . . . for a lifetime." (ECF 1-2, at 4.) The Court construes Plaintiff's complaint as asserting claims of excessive force and false arrest under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

By order dated June 14, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses all of Plaintiff's claims for relief other than her claims under *Bivens* for damages, including her claims seeking Barnes's criminal prosecution or other injunctive relief, such as an order prohibiting Barnes from harassing Plaintiff or an order directing Plaintiff's placement into the federal witness protection program. The Court directs service on Barnes at the FPS office at 26 Federal Plaza, in New York, New York.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     Private prosecution**

Plaintiff's claims in which she seeks Barnes's criminal prosecution must be dismissed. Plaintiff cannot initiate the prosecution of an individual or other entity in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Similarly, Plaintiff cannot direct prosecutors to initiate a criminal proceeding against a defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks Barnes's criminal prosecution, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal quotation marks and citation omitted).

**B.     Remaining claims other than claims under *Bivens***

With the exception of Plaintiff's claims under *Bivens* for damages, the Court also dismisses all of Plaintiff's other claims for relief, including claims seeking injunctive relief, such as an order prohibiting Barnes from harassing Plaintiff or an order directing Plaintiff's placement into the federal witness protection program. To the extent that Plaintiff seeks an order from the Court, under 18 U.S.C. § 1514, prohibiting Barnes from harassing her, the court may consider an application for such an order only from an "attorney from the Government." 18 U.S.C. § 1514(a)(1). And inasmuch as Plaintiff asks the Court to order the Government to place Plaintiff into the Government's witness protection program, the Government is immune from suit in that

regard under the doctrine of sovereign immunity. *See Doe v. Civiletti*, 635 F.2d 88, 95 (2d Cir. 1980).

C.     **Service on Barnes**

To allow Plaintiff, who is proceeding IFP, to effect service on Barnes through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Barnes. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on Barnes.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses all of Plaintiff's claims for relief, with the exception of her claims under *Bivens* for damages.

The Court directs the Clerk of Court to: (1) issue a summons for FPS Police Officer Barnes; (2) complete a USM-285 form with the service address for Barnes (26 Federal Plaza, New York, New York); (3) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (4) deliver all documents necessary to effect service on Barnes to the U.S. Marshals Service.

The Court also directs the Clerk of Court to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

## DEFENDANT AND SERVICE ADDRESS

Police Officer Barnes
Federal Protective Service
Department of Homeland Security
26 Federal Plaza
New York, New York 10278