| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>SIMONE DICKSON,<br><br>                            Plaintiff,<br><br>                      -against-<br><br>DEPARTMENT OF HOMELAND<br>SECURITY OFFICER BARNES,<br><br>                            Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/5/23<br><br>1:22-cv-4033-GHW<br><br>ORDER |

GREGORY H. WOODS, United States District Judge:

Plaintiff Simone Dickson, proceeding *pro se* and *in forma pauperis*, filed this action on May 2, 2022.  Dkt. No. 1.  The Court reads Ms. Dickson's complaint to raise claims of excessive force and false arrest under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Dkt. Nos. 1, 8.  For the reasons stated below, the Court DISMISSES this action for failure to prosecute, failure to appear at conferences, and failure to comply with the Court's orders.

I.    **BACKGROUND**

Ms. Dickson initially filed this action in the United States District Court for the Northern District of New York on May 2, 2022.  Upon filing, the Northern District of New York issued Ms. Dickson a *pro se* handbook that, among other instructions, reminded Ms. Dickson that she "must immediately notify the Court of any change of address."  Dkt. No. 3.  Ms. Dickson acknowledged receipt of this document when she filed her case.  *Id.*

Just over a week later, on May 11, 2022, the Northern District of New York transferred the case to this Court.  Dkt. No. 4.  Shortly thereafter, this Court mailed an information package for *pro se* litigants to Ms. Dickson.  Dkt. No. 10.  Included in this package was a document titled Instructions for Litigants Who Do Not Have Attorneys.  *Id.*  These instructions state: "**If your contact information changes, it is your responsibility to notify the court in writing** . . . .  Your

case could be dismissed if you do not notify the court of an address change." *Id.* Instructions and a Notice of Change of Address form were also included in that package. *Id.*

On January 9, 2023, this Court issued a notice of initial pretrial conference (the "IPTC Notice") scheduling an initial conference for February 28, 2023, which was later rescheduled to April 18, 2023. Dkt. Nos. 14, 19. The IPTC Notice instructed the parties to submit a joint letter one week before the initial conference. *Id.* After the IPTC Notice sent to Ms. Dickson was returned as undeliverable, *see* Feb. 16, 2023 Dkt. Entry, this Court re-sent the IPTC Notice to Plaintiff at two separate addresses, together with an order instructing Plaintiff to either confirm or update her mailing address without delay. Dkt. No. 26. Also included in with mailings were additional copies of the Instructions for Litigants Who Do Not Have Attorneys and the Notice of Change of Address form that had previously been sent to Plaintiff. *Id.* Both mailings were returned as undeliverable. *See* March 30, 2023 Dkt. Entry.

On April 11, 2023—the due date for the parties to submit their joint letter in advance of the initial conference—Defendant's counsel filed a status report stating that they had been unable to reach Ms. Dickson by mail, e-mail, or phone. Dkt. No. 27. Ms. Dickson then failed to appear at the April 18, 2023 conference. Dkt. No. 29. The Court rescheduled the conference for May 4, 2023, warning Ms. Dickson that "**her case may be dismissed if she fails to appear at the May 4, 2023 conference** . . . ." *Id.* Copies of this order were again sent to both addresses provided by Ms. Dickson; both mailings were returned as undeliverable. May 1, 2023 Dkt. Entry. Ms. Dickson again failed to appear at the May 4, 2023 conference.

## II.  LEGAL STANDARDS

### a. Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint under Rule 41(b), the Court must consider: (1) the duration of delay caused by Plaintiff's failures; (2) whether Plaintiff has received notice that further delays would result in dismissal; (3) whether Defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). However, no single factor is dispositive, and "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

    b. **Rule 16(f)**

Federal Rule of Civil Procedure 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). "[A]ll litigants, including pro

ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990) (citation omitted). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014) (citations omitted).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (citation omitted).

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

**III.   DISCUSSION**

The Court finds that dismissal of Ms. Dickson's complaint without prejudice pursuant to Rule 41(b) is warranted due to her failure to take meaningful steps to prosecute this action. Ms. Dickson's disinterest in proceeding with her case is apparent from her multiple missed appearances, her failure to engage with Defendant's counsel about the joint letter required in advance of the initial conference, her failure to comply with this Court's order to update or confirm her mailing address, and her failure to otherwise engage in this action. Indeed, it appears from the face of the docket that Ms. Dickson has taken essentially no action in this case since May 2022.

The Court also finds that dismissal without prejudice pursuant to Rule 16(f) is warranted. As the procedural history recounted above makes clear, Ms. Dickson has failed to appear at multiple

4

conferences and failed to comply with multiple orders. The Court has warned Ms. Dickson that failure to appear could result in dismissal.

The Court recognizes that its attempts to mail orders and notices to Plaintiff have been unsuccessful. However, as Plaintiff has been repeatedly warned—and as Plaintiff explicitly acknowledged when she signed for the *pro se* handbook and reminders upon filing this action—it is her responsibility to notify the Court of any changes to her address. *Murray v. Bouck*, No. 1:19-CV-00317-MKV, 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020) (citations omitted); *Robinson v. United States*, No. 03 CIV. 1001 (SCR), 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of [her] updated address, and Plaintiff's failure to do so has made it impossible to provide [her] any notice." (citation omitted)). Plaintiff has also been unresponsive to the government's attempts to contact her by phone and email. *See* Dkt. No. 27. The returned mailings do not preclude dismissal of Ms. Dickson's case. *See, e.g.*, *Murray*, 2020 WL 6381935, at *3 (citing examples dismissing *pro se* cases where plaintiffs failed to provide accurate mailing information).

The Court has considered whether a lesser sanction is appropriate and concludes—in light of Plaintiff's demonstrated disinterest in prosecuting this case—that it is not. *See Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff failed to provide an accurate, updated address and was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040, 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (similar); *Miller v. City of New York*, No. 12-CV-2965 MKB LB, 2012 WL 5879471, at *1 (E.D.N.Y. Nov. 20, 2012) (dismissing *pro se* complaint for plaintiff's repeated failure to appear for in-court conferences). Further, because Plaintiff has failed to take meaningful steps to prosecute the case, "it would be unfair to the numerous other litigants

5

awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, No. 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).

### IV.     CONCLUSION

Ms. Dickson's complaint is dismissed without prejudice for failure to prosecute, failure to appear, and failure to comply with orders of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate all pending motions and to close this case. The Clerk of Court is further directed to mail copies of this order to Ms. Dickson at the following addresses:

> Simone Dickson
> 590 Third Street
> #2
> Albany, NY 12206
>
> and
>
> Simone Dickson
> P.O. Box 177
> SH, NY 11969

SO ORDERED.

Dated: May 5, 2023
New York, New York

GREGORY H. WOODS
United States District Judge